**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMIE GOODHUE**                                                                             **PLAINTIFF**

**v.**                                                      **4:07-CV-01149-WRW**

**JOSE S. AYALA d/b/a M&G
TRANSPORT,** *et al.*                                                         **DEFENDANTS**

## ORDER

Pending is Defendant Swift Corporation's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 25). Plaintiff has responded (Doc. No. 27), and Defendant Ayala has responded (Doc. No. 29). For the reasons set out below, Defendant Swift's Motion (Doc. No. 25) is DENIED.

## I. BACKGROUND

On January 7, 2004, Plaintiff and Defendant Swift Corporation d/b/a Swift Transportation Company ("Swift") entered into a Contractor Agreement under which Plaintiff was to transport freight for Swift.[1] Among other provisions, the contract contained a choice of law provision providing that the Agreement was governed by the laws of the State of Arizona.[2] The Agreement also contained an Arbitration provision that reads, in relevant part:

> All disputes and claims arising under, arising out of or relating to this Agreement, including an allegation of breach thereof, and any disputes arising out of or relating to the relationship created by the Agreement, including any claims or disputes arising under or relating to any state or feral laws, statutes or regulations, and any disputes

---

[1] Doc. No. 28, Ex. A. The Agreement was signed by Russell Goohue and Jamie P. Dufresne, Contractor, d/b/a Goodhue Trucking. Apparently, Plaintiff changed her last name to Goodhue after signing the Agreement and before filing this action.

[2] *Id.*

as to the rights and obligations of the parties, including the arbitrability of disputes between the parties, shall be fully resolved by arbitration in accordance with Arizona's Arbitration Act and/or the Federal Arbitration Act.

On February 18, 2005, Plaintiff and Swift entered into a Mentor Agreement under which Plaintiff agreed to train Swift employees as over-the-road tractor trailer drivers.[3] The Mentor Agreement is brief, and included neither a choice of law nor an arbitration clause.[4] Defendant Swift asserts that the Mentor Agreement is part of the Contractor Agreement;[5] Plaintiff maintains that the Mentor Agreement and Contractor Agreement are separate contracts, and that the terms of each should be construed separately.[6]

On or about March 30, 2005, Defendant Patterson, a Swift driver, was driving a tractor trailer owned or leased by Swift.[7] Plaintiff was a passenger in the truck.[8] Defendant Patterson was traveling East on I-40 in Prairie County, Arkansas, when she moved from the right lane into the left lane, because she saw a sign that the right lane was closed ahead.[9] Upon changing lanes, the vehicle in front of Defendant Patterson came to an abrupt stop.[10] Defendant Patterson

---

[3] Doc. No. 25, Ex. 2.

[4] Doc. No. 28, Ex. B.

[5] Doc. No. 26.

[6] Doc. No. 27.

[7] Doc. Nos. 1, 26. In her Complaint, Plaintiff alleges the truck was owned by Swift. Doc. No. 1. In its Motion to Compel Arbitration, Swift asserts that the truck was owned by Goodhue Trucking and leased by Swift. Doc. No. 26.

[8] Doc. No. 1.

[9] *Id.*

[10] *Id.*

was able to stop the tractor trailer she was driving without hitting the vehicle in front of her.[11] Defendant Ayala, however, was not able to stop the tractor trailer he was driving and he hit the rear of the truck driven by Defendant Patterson.[12] Plaintiff was injured in the accident, and filed suit against Swift, Defendant Patterson, and Defendant Ayala on November 29, 2007.[13]

Defendant Swift filed its Motion to Compel Arbitration in March, 2008, asserting that this litigation should be stayed and asking the Court to compel arbitration.[14] Swift argues that arbitration is mandatory under the Contractor Agreement-Mentor Agreement, and that the arbitration clause should be enforced.[15]

Plaintiff responded, objecting to Defendant Swift characterizing the arbitration clause in the Contractor Agreement as part of Mentor Agreement.[16] Plaintiff maintains that the Mentor Agreement does not contain a choice of law or arbitration clause, that she was acting solely in the capacity of Mentor when the accident happened, that Arkansas law governs, and that the arbitration clause in the Contractor Agreement is not enforceable.[17]

---

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]Doc. No. 26.

[15]*Id.*

[16]Doc. No. 27.

[17]*Id.*

Defendant Ayala responded and asserts that arbitration should be stayed until this litigation has been concluded.[18] Ayala urges that because he is not a party to any agreement containing a binding arbitration clause, and because the other parties in this case are necessary in connection with resolving Plaintiff's claims against him, arbitration should be stayed and this case allowed to proceed.[19] I agree.

## II. DISCUSSION

In *Volt Info. Scis. v. Bd. of Trs*.,[20] the United States Supreme Court held that "application of [a state] statute is not pre-empted by the Federal Arbitration Act (FAA or Act), 9 U. S. C. § 1 *et seq*., in a case where the parties have agreed that their arbitration agreement will be governed by [state] law . . . ."[21] In *Volt*, Volt and the Board of Trustees of Leland Stanford Junior University ("Stanford") entered into a construction contract that contained both an arbitration clause and a choice of law clause.[22] A contract dispute developed, Volt made a formal application for arbitration, and Stanford filed suit against Volt in California state court.[23]

In the state court action, Standford sought indemnity from two companies involved in the construction, but with which it did not have arbitration agreements.[24] Volt moved the court

---

[18]Doc. No. 30.

[19]*Id*.

[20]109 S. Ct. 1248 (1989)

[21]*Id*. at 1251.

[22]*Id*.

[23]*Id*.

[24]*Id*.

to compel arbitration.[25] Stanford moved to stay arbitration under a section of the California Civil Procedure Code that allows a court to stay arbitration "pending resolution of related litigation between a party to the arbitration agreement and third parties not bound by it, where 'there is a possibility of conflicting rulings on a common issue of law or fact.'"[26] The court denied Volt's motion to compel, and stayed arbitration until the related litigation was complete.[27] The California appeals court affirmed the decision, and the California Supreme Court denied review.[28] The United States Supreme Court affirmed, finding nothing in the FAA pre-empted state law where a contract containing an arbitration clause also contained a choice of law provision.[29]

The Eighth Circuit was faced with facts similar to those in *Volt* when it decided *Recold, S.A. de C.V. v. Monfort of Colorado, Inc.*[30] In *Recold*, Recold and Central Ice Machine Company entered into a contract providing that all disputes "arising in connection with" the contract would be arbitrated in El Paso, Texas.[31] Recold sold custom refrigeration equipment to Central Ice, which then sold the equipment to Monfort.[32] Monfort sued both Recold and Central

---

[25]*Id.*

[26]*Volt*, 109 S. Ct. at 1251-52.

[27]*Id.* at 1252.

[28]*Id.*

[29]*Id.*

[30]893 F.2d 195 (8th Cir. 1990).

[31]*Id.* at 196.

[32]*Id.*

Ice in Colorado state court, alleging breach of express and implied warranties, product liability, and negligence.[33] Recold moved to stay Monfort's action pending arbitration, and while that motion was pending, petitioned a federal district court in Nebraska to compel arbitration.[34] Recold's request was based on the theory that Monfort was a third-party beneficiary to the Recold-Central Ice contract, and was bound to the arbitration agreement.[35] Both the Colorado state court and Nebraska district court denied Recold's motions, finding that Monfort -- which was not a party to the Recold-Central Ice contract -- was not bound by the arbitration clause in that contract.[36] The Eighth Circuit affirmed the Nebraska district court, finding that the FAA "'does not require parties to arbitrate when they have not agreed to do so.'"[37]

Defendant Ayala is not a party to the contract between Plaintiff and Defendant Swift. Under both *Volt* and *Recold*, Defendant Ayala is not required to arbitrate because he has not agreed to do so. Arizona law, which Defendant Swift argues controls the Contractor Agreement and Mentor Agreement, permits a court to stay arbitration when there is no agreement to arbitrate.[38] If, in the alternative, the FAA governs the arbitration clause (the arbitration clause

---

[33]*Id.*

[34]*Id.*

[35]*Id.*

[36]*Recold*, 893 F.2d at 196.

[37]*Id.* at 199 (quoting *Volt Info. Scis. v. Bd. of Trs*, 109 S. Ct. 1248, 1255 (1989)).

[38]A.R.S. § 12-1502 -- proceedings to compel or stay arbitration -- reads:
A. On application of a party showing an agreement described in section 12-1501, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party. Otherwise, the application shall be

provides "arbitration in accordance with Arizona's Arbitration Act and/or the FAA"[39]), the outcome is still the same, because the Contractor Agreement contains a choice of law provision providing that Arizona law governs -- and *Volt* found that the FAA did not preempt a state choice of law clause. Lastly, if, as Plaintiff argues, Arkansas law governs because the Mentor Agreement stands independent of the Contractor Agreement, then the arbitration issue is moot since the Mentor Agreement contains no arbitration clause. Accordingly, Defendant Swift's Motion to Compel Arbitration and Stay Proceedings (Doc. No. 25) is DENIED.

IT IS SO ORDERED this 30th day of April, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

denied.

B. On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

C. If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subsection A of this section, the application shall be made therein. Otherwise and subject to section 12-2101, the application may be made in any court of competent jurisdiction.

D. Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.

E. An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

[39]Doc. No. 25, Ex. 2.